# ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC  20001

Telephone (202) 783-6040
Facsimile   (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | Boston

E. Anthony Figg
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Jennifer B. Maisel
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols

Daniel L. Shores
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
Bryan B. Thompson
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins
Michael A. Saunders
Stephanie E. Waltersdorff
Rolando F. Rengifo, Ph.D.
Benjamin H. Fishman
Jotham Koneri

G. Franklin Rothwell
(1928-2011)
Harry F. Manbeck, Jr.
(1926-2025)

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters and cases in federal courts.

Of Counsel
Alexandra S. Hughes

December 24, 2025

Hon. Loretta A. Preska
Hon. Vernon S. Broderick
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Chicago Tribune Company, LLC v. Perplexity AI, Inc.*, No. 1:25-cv-10094-LAP;
*The New York Times Company v. Perplexity AI, Inc.*, No. 1:25-cv-10106-VSB

Dear Judge Preska and Judge Broderick:

We represent The New York Times Company ("The Times") and The Chicago Tribune Company, LLC ("Chicago Tribune"), Plaintiffs in the above-captioned matters. Given the substantial legal and factual overlap between these matters, which bring identical legal claims and were filed the same week by the same counsel against the same defendant, The Times and Chicago Tribune request that both cases be heard by the same judge.  To effectuate this, we request that one of the two above-referenced cases be transferred to the judge handling the other case pursuant to Rule 14, Rules for the Division of Business Among District Judges, S.D.N.Y. (Oct. 16, 2023). As described further below, the interests of justice and efficiency will be served by having both cases assigned to the same judge.

Several lawsuits have now been filed against Perplexity AI, Inc. ("Perplexity" or "Defendant"), an artificial intelligence company, in this Court. On October 21, 2024, Dow Jones filed its initial complaint against Perplexity, alleging copyright infringement under 17 U.S.C. §§ 106(1)-(2) and trademark infringement under 15 U.S.C. § 1125 (the "*Dow Jones Action*"). *See Dow Jones & Co., Inc. & NYP Holdings, Inc. v. Perplexity AI, Inc.*, 24-cv-07984, at Dkt. 1. That case was

December 24, 2025
Page 2

assigned to Judge Failla. On September 10, 2025, Encyclopaedia Britannica, Inc. filed suit against Perplexity in this Court alleging copyright infringement under 17 U.S.C. §§ 106(1)-(2), and trademark infringement under 15 U.S.C. § 1125 (the "*Encyclopaedia Britannica* Action"). *Encyclopaedia Britannica, Inc. et al. v. Perplexity AI, Inc.*, 25-cv-07546. That case was assigned to Judge Rochon, after Judge Failla declined to accept the case as related to the *Dow Jones Action*. Scheduling orders have been entered in both cases. *Dow Jones*, 24-cv-07984, at Dkt. 68 (S.D.N.Y. Aug. 29, 2025); *Encyclopaedia Britannica*, 25-cv-07546, at Dkt. 39 (S.D.N.Y. Dec. 17, 2025).

On December 4, 2025, Chicago Tribune filed its complaint against Perplexity, alleging copyright infringement under 17 U.S.C. §§ 1061(1)-(2), contributory and vicarious copyright infringement; and trademark infringement under 15 U.S.C. §§ 1125 and 1114. *Chicago Tribune*, 25-cv-10094, at Dkt. 1. The claims arise from Perplexity's unauthorized copying and use of Chicago Tribune content in its artificial intelligence products. The next day, on December 5, 2025, The Times filed its complaint against Perplexity alleging the same claims, which similarly arise from Perplexity's copying and use of Times's content in its artificial intelligence products. *The New York Times*, 25-cv-10106, at Dkt. 1.

As required under this Court's rules, both Chicago Tribune and The Times filed related case statements. In its related case statement, Chicago Tribune advised the Court that there are "overlapping copyright claims against the same Defendant as [in] the *Dow Jones & Company, Inc.* and *Encyclopaedia Britannica, Inc.* cases." *Chicago Tribune*, 25-cv-10094, at Dkt. 4, at 2. When it filed its Complaint the next morning, The Times included the same language in its related case statement, and also listed the *Chicago Tribune* case as a related matter. *The New York Times*, 25-cv-10106, at Dkt. 3, at 2. The Times stated in its related statement:

> The Times asserts overlapping copyright claims against the same Defendant as the *Dow Jones & Company, Inc.*, *Encyclopaedia Britannica, Inc.*, and *Chicago Tribune* cases. The claims arise from substantially similar acts, including the Defendant's unauthorized use of The Times's content to power Defendant's generative artificial intelligence products and tools. Accordingly, some of the basic legal theories, sources of liability, relief requested, basis of jurisdiction, and factual allegations regarding Defendant's conduct brought in the *Dow Jones & Company, Inc. Encyclopaedia Britannica, Inc.*, and *Chicago Tribune* cases are the same. We expect that there will be

> substantial overlap between the legal and factual issues among the cases, and designating these cases as related would avoid duplicative efforts, expenses, and burdens on the Court. Counsel for The Times also serves as counsel for Plaintiff in the *Chicago Tribune* case.

*Id.*

On December 9, 2025, the *Chicago Tribune* matter was declined by Judge Failla as not related and assigned to Judge Preska. On December 9, 2025, *The Times* matter was initially accepted as related by Judge Failla, but subsequently declined and assigned to Judge Broderick.

As detailed above, there is substantial factual overlap between The Times's and Chicago Tribune's claims against Perplexity. Both Complaints allege the same causes of action, arising from virtually identical conduct by Perplexity involving the copying and use of copyrighted content. The Times and Chicago Tribune also believe that discovery disputes in their respective cases—should there be any—will often present similar, if not identical, issues. The interests of justice and efficiency will be served by determining that these matters are related and assigning them to the same judge. *See* Rule 13, Rules for the Division of Business Among District Judges (Oct. 16, 2023). Plaintiffs therefore respectfully request that one of these matters be transferred by consent and be assigned to the judge handling the other matter. *Id.*, Rule 14 ("Any judge, upon written advice to the assignment committee, may transfer directly any case or any part of any case on that judge's docket to any consenting judge.").

We have reached out to the counsel copied below from Latham & Watkins, who have been retained to represent Perplexity in the *Chicago Tribune* matter, for Perplexity's position on this request. Counsel for Perplexity has provided the response attached as Exhibit A.

>                               Respectfully submitted,
>
>                               */s/ Steven Lieberman*
>                               Steven Lieberman
>                               Rothwell, Figg, Ernst & Manbeck

cc: Joe Wetzel, Esq.
    Sy Damle, Esq.
    Andrew Gass, Esq.
    Brett Sanford, Esq.