# ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC  20001

Telephone (202) 783-6040
Facsimile   (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | Boston

G. Franklin Rothwell
(1928-2011)
Harry F. Manbeck, Jr.
(1926-2025)

E. Anthony Figg
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Jennifer B. Maisel
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols

Daniel L. Shores
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
Bryan B. Thompson
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins
Michael A. Saunders
Stephanie E. Waltersdorff
Rolando F. Rengifo, Ph.D.
Benjamin H. Fishman
Jotham Koneri

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright matters
and cases in federal courts.

Of Counsel
Alexandra S. Hughes
Hugham Chan

January 13, 2026

Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *In re: Chicago Tribune Company, LLC v. Perplexity AI, Inc.*, 1:25-cv-10094 (LAP) and
*New York Times Company v. Perplexity AI, Inc.*, 1:25-cv-10106 (LAP)

Dear Judge Preska:

      Pursuant to this Court's direction at the January 5, 2026 status conference, the parties in the two above-referenced matters submit the following update on the status of discovery preservation as to certain categories of documents discussed at the status conference.

      In advance of this letter, the parties conferred twice: on January 8 and January 12, 2026. The parties' positions on the discovery preservation issues are as follows:

A.    <u>Position of Defendant Perplexity AI, Inc. ("Perplexity")</u>

      Perplexity is taking the steps necessary to preserve documents and ESI potentially relevant to this litigation and the specific categories of information Plaintiffs' counsel identified during the January 5, 2025, status



Hon. Loretta A. Preska
January 13, 2026
Page 2

conference to the extent such data is maintained by or is available to Perplexity. Among other things, in November 2024 and May 2025 Perplexity previously created archival copies of datasets reflecting user activity and the content stored in its retrieval-augmented generation ("RAG") index database. These archival copies contain all queries submitted by users and the associated search results (including content used to conduct the RAG process that may not be displayed to users) that were available at the time the snapshots were created, as well as the then-available data reflecting whether users have clicked on links to sources that are linked in the search results. These datasets are capable of being searched. The data in the user activity log is natively text searchable. The RAG data is in binary format, which must be pre-processed and parsed to facilitate text searching. These archival copies are in addition to vast amounts of user activity and RAG index data kept by Perplexity in the normal course of its operations. To allow for continued discussion regarding reasonably appropriate preservation in the context of the above-captioned litigations, Perplexity is in the process of creating this week additional copies of these datasets that will include data for the preceding six month period, consistent with Perplexity's retention period for this data. Each of these archival datasets is enormous and the costs and burdens associated with their preservation are disproportionate to the needs of the case, particularly given the data available under Perplexity's standard retention policies and that Plaintiffs have not demonstrated that the vast majority of the data is likely to be relevant to their claims. Perplexity will continue to confer with Plaintiffs in good faith to determine whether there is a mutually-agreeable way to address the burden and costs of preserving these large datasets going forward. Should these discussions fail, Perplexity reserves its right to seek relief from the Court.

Perplexity does not have access to and therefore does not create or maintain any records reflecting user queries (and their respective search results) for



Hon. Loretta A. Preska
January 13, 2026
Page 3

      API product offerings that are used by Perplexity's API customers, and thus there is no such data to preserve with respect to those products.

      Perplexity disagrees with Plaintiffs' positions regarding privilege and relevance and their reliance on rulings in a different case in their position statement below and will address those contentions at the appropriate time.

B.    *Position of Plaintiffs The New York Times Company ("The Times") and Chicago Tribune Company, LLC ("Chicago Tribune")*

      Plaintiffs offer no comment on Perplexity's assertions regarding the burden of preserving the data referenced above other than to observe that such data is highly relevant to Plaintiffs' claims.

      Plaintiffs are not in a position to evaluate whether the preservation steps referred to by Perplexity above are sufficient with respect to the categories of information discussed during the status conference. Moreover, the scope of documents subject to preservation obligations (with respect to both Plaintiffs and Perplexity) extends beyond the categories of documents discussed above, but those issues were not the subject of this Court's direction to the parties.

      During Plaintiffs' meet and confer calls with Perplexity, Perplexity asked whether Plaintiffs will preserve three categories of documents, and requested that Plaintiffs include their positions on these requests in this letter.

    1.    Perplexity has asked whether The Times and Chicago Tribune will preserve the prefiling investigation or analysis done by The Times and Chicago Tribune regarding the use of their content by Perplexity and its users. We advised Perplexity that those prefiling investigations are privileged unless and/or until The Times and Chicago Tribune choose to rely on it (*see* Magistrate Judge Wang's ruling in the *OpenAI* litigation; Dkt. 243 denying OpenAI's motion to compel at Dkt. 124), and that we do not believe that this was the subject of Your Honor's direction. Nevertheless, to the extent that The Times or Chicago



Hon. Loretta A. Preska
January 13, 2026
Page 4

        Tribune have documents regarding such pre-complaint work, or internal analyses by The Times or Chicago Tribune of Perplexity's use of their works, The Times and Chicago Tribune will preserve such documents.

2.    Perplexity asked questions about the use by The Times and the Chicago Tribune "of any AI tools, including without limitation Perplexity." As the Latham lawyers representing Perplexity in the *Chicago Tribune* case are certainly aware, similar requests were made by OpenAI, and Maigstrate Judge Wang, in a ruling affirmed by Judge Stein, held that only the use of OpenAI tools—and not those of other AI companies—was potentially relevant. *See* Dkt. 592 at pp. 7-8. For example, Judge Stein held:

> "This litigation is focused on defendants' allegedly infringing use of plaintiffs' works, and defendants' fair use defense is likewise grounded in that use. It was not clearly erroneous for the November Order to determine that The Times's use of nonparty technology does not bear on whether defendants' use of The Times's works is transformative."

> "It is therefore not clearly erroneous to determine that additional discovery into The Times's use of other generative AI technology is not relevant to the public benefit inquiry."

        The Times and the Tribune will preserve, to the extent that they have them, documents concerning their use of Perplexity's AI tools.

3.    Perplexity asked questions about Times and Chicago Tribune documents reflecting whether visits to their websites originated with a Perplexity product. To the extent that such documents exist, The Times and Chicago Tribune will preserve them.

    The parties' agreement to preserve certain categories of documents is not an agreement to produce and the parties reserve their rights to object to any such request, including, *inter alia*, on grounds of privilege, relevance, and burden.



Hon. Loretta A. Preska
January 13, 2026
Page 5

Respectfully submitted,

*/s/ Steven Lieberman*
Steven Lieberman

cc:  All counsel of record