**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHICAGO TRIBUNE COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PERPLEXITY AI, INC.,<br><br>Defendant. | Civil Action No. 25-cv-10094-LAP |
| THE NEW YORK TIMES COMPANY, WIRECUTTER, INC., and THE ATHLETIC MEDIA COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>PERPLEXITY AI, INC.,<br><br>Defendant. | Civil Action No. 25-cv-10106-LAP |

**[PROPOSED] ORDER RE: STIPULATED SOURCE CODE PROTOCOL**

Plaintiffs Chicago Tribune Company, LLC ("The Chicago Tribune"), and The New York Times Company, Wirecutter, Inc., and The Athletic Media Company (collectively, "The New York Times") (The Chicago Tribune and The New York Times together, "Plaintiffs"), and Defendant Perplexity AI, Inc. ("Perplexity") (each a "Party," and collectively, "the Parties"), through their respective counsel of record, hereby submit this Source Code Protocol to protect the confidentiality of certain nonpublic and confidential source code material that will be made

available for inspection pursuant to and during the course of discovery in the above-captioned related actions for this Court to so order.

Whereas, for good cause shown, IT IS HEREBY ORDERED THAT:

**I. General Provisions**

1. The Parties acknowledge that this Source Code Protocol is to be read in conjunction with and as a supplement to the Stipulated Confidentiality and Protective Order entered in each of the above-captioned actions (the "Protective Order") on August 31, 2026 (Tribune Dkt. No. 60, Times Dkt. No. 76). Unless otherwise indicated within this Source Code Protocol, the protections, processes, and limitations set forth in the Protective Order apply to the material that is subject to this Source Code Protocol.

2. In light of these acknowledgements, and based on the representations of the Parties that discovery in these cases will involve confidential source code, the public disclosure of which will cause harm to the Producing Party and/or third parties to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential source code, this Court finds good cause for issuance of an appropriately tailored confidentiality order regarding source code governing the pretrial phase of these actions.

**II. Source Code Protocol**

3. Any person subject to this Source Code Protocol—including without limitation the Parties to these actions, their representatives, agents, experts and consultants, all third parties providing discovery in these actions, and all other interested persons with actual or constructive notice of this Source Code Protocol—shall adhere to the following terms.

4. Pursuant to the Protective Order, a Party may designate any information or materials produced by any Party or nonparty as part of discovery in these actions as "Highly

Confidential – Source Code" if the information or material represents confidential, proprietary, or trade secret computer code, computer instructions, or data definitions expressed in a form suitable for input into an assembler, compiler, code interpreter, or other translator, together with associated documentation, such as: comments, revision histories, test scripts and test data, build and configuration files that define or otherwise implement or support the development, training, evaluation, or deployment of software or machine learning models ("Source Code Material"), and disclosure of that material to another Party or nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means. A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (e.g., for notetaking or identification purposes) without reproducing any lines of source code is not Source Code Material but should be designated "Highly Confidential – Attorneys' Eyes Only." A Party that made and served the request for production of the Source Code Material or subpoena requesting the production of the Source Code Material ("Requesting Party") may make reasonable requests that, if particular documents are made available for inspection that contain both Source Code Material and material that is "Highly Confidential," "Confidential," or otherwise non-confidential, the documents also be produced with the Source Code Material redacted and marked "Highly Confidential" or "Confidential," if applicable. If the Parties have a dispute regarding such a request, the Requesting Party shall follow the procedures outlined in Paragraph 5 of the Protective Order.

5. For the avoidance of doubt, non-source code information related to Retrieval Augmented Generation ("RAG") data is not Source Code Material. The Parties have yet to negotiate a protocol regarding the inspection or production of RAG data. The Parties reserve the

right to negotiate a supplemental protocol (the "Data Inspection Protocol") to address any confidential treatment that should be afforded to non-source code databases, repositories, logs, and/or RAG data inspected or produced in this litigation. To the extent that any Data Inspection Protocol conflicts with the Protective Order or this Source Code Protocol, the terms of the Data Inspection Protocol will apply. Unless or until a Data Inspection Protocol is agreed to, the Parties reserve all rights as to the appropriate level of confidentiality that should be afforded to and the protocol for reviewing information related to RAG data.

6. For material designated "Highly Confidential – Source Code," the following additional restrictions apply:

a. To the extent any Party or third party responding to a request for production of Source Code Material or a subpoena requesting the production of Source Code Material ("Producing Party") makes it available for inspection, the Parties shall meet and confer on the format of that Source Code Material prior to the Producing Party making it available for inspection. Access to Source Code Material shall be provided only on "standalone" computers (the computer may be interconnected with other devices necessary for accessing the source code (e.g., an external hard drive on which the Producing Party provides the Source Code Material), but may not be linked to any other network, including a local area network ("LAN"), an intranet, or the Internet) (a "Source Code Computer"). Two (2) standalone Source Code Computers shall be made available to the Requesting Party at all times. Should the need reasonably arise, the Requesting Party may request as many as two (2) additional Source Code Computers, approval for which shall not be unreasonably withheld by the Producing Party. Such a request must be made with

at least seven (7) days' prior notice to the Producing Party, which shall respond within five (5) business days. Each standalone Source Code Computer should be connected to an external monitor, an external keyboard, and an external mouse. The hardware specifications of each Source Code Computer will be sufficient for using the source code review tools utilized in these cases. All hardware components of each Source Code Computer and any attached peripherals should be fully functional and in good repair, except for any functionality that is intentionally disabled for security reasons as provided herein. The Requesting Party may request installation of specific software utilities to conduct the source code inspection and analysis in these cases on the Source Code Computers, provided that (1) the Requesting Party furnishes any necessary software licenses to do so; (2) the Producing Party approves such software tools (which approval may not be unreasonably withheld); and (3) such other software tools are reasonably necessary for the Requesting Party to perform its review of the source code consistent with all of the protections herein. To allow the Producing Party reasonable time to prepare the Source Code Computers, the Requesting Party must provide the Producing Party the computer medium (e.g., USB drive, FTP, or web address) containing the requested software utilities and/or required licenses at least ten (10) business days in advance of the first inspection in which the software is requested to be on the Source Code Computers. The Producing Party will install and confirm installation of said software on the Source Code Computers as soon as practicable prior to the inspection. Should additional software utilities and/or licenses be deemed necessary by the Requesting Party following the commencement of the inspection, the Parties

shall follow the procedure in (1)-(3) above. The Producing Party will install and confirm installation of said software on the Source Code Computers as soon as practicable thereafter. The Requesting Party shall make every effort to request all necessary software that requires internet access to install at least ten (10) business days in advance of the first inspection and understands that requesting such software after source code is installed on the Source Code Computers may require the Producing Party to build new Source Code Computers, potentially delaying the Requesting Party's review. The Producing Party is entitled to reasonable time to build new Source Code Computers following such a request from the Requesting Party. The software will be maintained on the Source Code Computers for the remainder of this litigation or until the Requesting Party notifies the Producing Party in writing that the software is no longer needed.

b. To the extent that the programs or tools used by the Requesting Party record local working files or other records reflecting the work performed by the Requesting Party, such files and records shall not be reviewed, altered, or deleted by the Producing Party.

c. The Source Code Computers shall be located at the offices of counsel for the Producing Party located at 555 Eleventh Street, NW, Suite 1000, Washington, D.C. 20004, or another office of counsel for the Producing Party that is mutually agreed upon by the Producing Party and the Requesting Party. The Parties agree to cooperate in good faith to determine a mutually acceptable location for the Source Code Computers.

d. Any Highly Confidential – Source Code information produced in discovery shall be made available for inspection from 9:00 am to 5:00 pm local time ("Normal Business Hours"), provided that the Requesting Party shall provide at least ten (10) business days' notice prior to the first request for access, and at least four (4) business days' notice for each subsequent request. No additional notice is required for access to be made available on consecutive review days, including consecutive review days interrupted by weekends or federal holidays. Source Code Material shall be available for inspection only during Normal Business Hours, Monday through Friday, excluding federal holidays. Requests for access outside Normal Business Hours shall be permitted only upon a showing of reasonable necessity for the efficient prosecution of these cases. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material shall not unreasonably hinder the Requesting Party's ability to efficiently and effectively conduct the prosecution or defense of this litigation.

e. The Requesting Party shall provide the name(s) of the individual(s) who will be attending the inspection in writing to the Producing Party at least seven (7) days in advance of the first time that such person inspects the Source Code Computers. All authorized persons inspecting the Source Code Computers shall, on each day they view the Source Code Computers, sign a log that will include the names of persons who enter the secured room to view the Source Code Computers and when they enter and depart. Proper identification of all authorized persons shall be provided by the Requesting Party prior to any access to the secure inspection room or the secured Source Code Computers. Proper identification requires showing, at a

minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure inspection room or the secured Source Code Computers may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

f. The Producing Party shall assist the Requesting Party with logging onto the Source Code Computers in order to access the produced Source Code Material, and, if necessary, direct the Requesting Party to where on the Source Code Computers the produced Source Code Material and requested software are stored. Unless otherwise permitted by this Protocol, the Requesting Party's personnel are prohibited from bringing the following into the secure room: (i) cellular phones, smartphones, or any wireless communication devices; (ii) personal computers, laptops, tablets, or portable computing devices; (iii) recording devices of any kind, including audio recorders, video cameras, or digital recorders; (iv) storage devices, including flash drives, memory sticks, external hard drives, or USB devices; (v) cameras, including digital or film cameras; (vi) wearable electronic devices which allow for the recording or uploading of files; (vii) virtual or augmented reality headsets; (viii) personal digital assistants (PDAs) or similar devices; and (ix) any other electronic devices not explicitly approved in writing by the Producing Party in advance (such approval not to be unreasonably withheld). The only exceptions are medical devices, implants, or equipment reasonably necessary for legitimate medical reasons.

g. The Producing Party will also make available a breakout room where the Requesting Party's source-code reviewers may privately use their own electronic devices.

h. The Requesting Party shall be entitled to take notes (electronic and non-electronic) related to the Source Code Materials but may not copy the Source Code Materials into such notes. The Producing Party shall provide the Requesting Party two (2) air gapped computers for the purpose of taking such notes ("Air Gapped Computers"). The Requesting Party shall be entitled to use these Air Gapped Computers in the room with the Source Code Computers to take notes. Such Air Gapped Computers shall be fully isolated from networks, with Bluetooth and wireless features disabled. Physical ports on the Air Gapped Computers must be locked or monitored, and cameras must be covered. At regular intervals agreed to by the Parties, the Producing Party shall transfer any notes to/from the Air Gapped Computers to an encrypted USB drive and provide that drive to the Requesting Party without any review of its content. Any notes taken under this paragraph shall not include copies or reproductions of portions of the Source Code Material; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, procedure names, line numbers, and other similar identifiers as well as descriptions of their functionality as inferred by the code reviewer. No copies of any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. The Producing Party shall not review the substance of the notes at any time.

i. For all Plaintiffs collectively, access to material designated "Highly Confidential – Source Code" shall be limited to outside counsel and up to six (6) outside consultants or experts (i.e., not existing employees or affiliate(s) of a Party) retained for the purpose of this litigation and approved to access such protected materials pursuant to paragraph 10 of the Protective Order. For the purposes of this Order, an outside consultant or expert is defined to include the outside consultant's or expert's team working directly under the supervision of the expert within his or her firm, such that the disclosure to a consultant or expert who works with others under his or her direction shall count as a disclosure to a single consultant or expert, provided that (1) each outside person has signed the Certification Regarding Confidentiality and been disclosed under the terms of the Protective Order and (2) each outside person has a genuine need to access the Source Code Materials to effectuate the original purpose of the disclosure. Access to and review of the Source Code Material shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned cases. No person shall review or analyze any Source Code Material for purposes unrelated to these cases, nor may any person use any knowledge gained as a result of reviewing Source Code Material in these cases in any other pending or future dispute, proceeding, or litigation.

j. Counsel for the Producing Party may visually monitor the activities of the Requesting Party's representatives during any Source Code Review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material. Such monitoring must take place in a separate room from the Requesting Party's representatives, such as outside the walls of a glass

conference room. Under no circumstances shall counsel for the Producing Party be permitted to hear or monitor the conversations of, or review the notes of, the Requesting Party's representatives.

k. A Requesting Party may include protected material designated "Highly Confidential – Source Code" in a pleading, exhibit, expert report, discovery document, or other Court document ("Source Code Document"), provided that the Source Code Documents are also designated "Highly Confidential – Source Code," restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders and the Protective Order in these cases. The Requesting Party shall only include such excerpts or portions of such Source Code Material as reasonably necessary for the purposes for which such Source Code Material is used. To the extent Source Code Material designated "Highly Confidential – Source Code" is quoted or attached as exhibit(s) in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "Highly Confidential – Source Code," or (2) those pages containing quoted protected material designated "Highly Confidential – Source Code" will be separately stamped and treated as "Highly Confidential – Source Code."

l. No electronic copies of printouts of Source Code Material (as described in paragraph 6(m)) shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, must be filed or served electronically. The Requesting Party

shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used.

m. The Requesting Party shall be permitted to request a reasonable number of printouts of Source Code Material (which shall presumptively be a total of not more than five hundred (500) pages of Source Code Material, per Producing Party), but no more than twenty-five (25) pages of consecutive source code or fifty (50) pages from any single file, that is reasonably necessary for the preparation of court filings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of avoiding electronic review on the Source Code Computers in the first instance, all of which shall be designated and clearly labeled "Highly Confidential – Source Code." The presumptive page limits set forth in this paragraph shall apply collectively to The New York Times and The Chicago Tribune. The Requesting Party shall maintain a log of all such files that are printed and of any individual who has inspected any portion of the Source Code Material in electronic or paper form. All requested printouts shall be given to the Producing Party for inspection by printing the files requested into PDF format, placing the PDF-printed files in a folder designated for such printouts on the Source Code Computers, and notifying the Producing Party of the request to print the files by identifying them by file path. Within five (5) business days of such request, the Producing Party shall provide five (5) Bates-stamped paper copies of such unobjected pages to the Requesting Party. The Parties understand and agree that the above page limitations were agreed upon without knowledge of the number of pages of source code that may or should be necessary for use in these actions and

therefore agree to meet and confer in good faith in the event a Party requests a reasonable enlargement. Such printouts will be printed on plain white copier paper, in the format requested by the Requesting Party, with appropriate confidentiality designations on the face thereof.

n. The Producing Party may challenge the amount of requested Source Code Material printouts pursuant to the dispute resolution procedure and timeframes pursuant to paragraph 2(E) of this Court's Individual Rules of Practice in Civil Cases.

o. Any printed pages of Source Code Material, and any other documents or things reflecting Source Code Material that have been designated as "Highly Confidential – Source Code" may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts as outlined in paragraph 6(k).

p. Should such printouts be transferred back to electronic media, such media shall be labeled "Highly Confidential – Source Code" and shall continue to be treated as such.

q. The Requesting Party may share printouts of Source Code Material only with the individuals authorized to view Source Code Material under paragraph 6(i) above. If the Requesting Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the Requesting Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or experts. The Requesting Party may also temporarily keep the printouts at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the

dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (e.g., a hotel prior to a Court proceeding or deposition), provided that the printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

r. Material designated "Highly Confidential – Source Code" may only be transported by the Requesting Party at the direction of a person authorized under paragraph 6(i) above to another person authorized under paragraph 6(i) above, on paper via hand carry, or by Federal Express or other similarly reliable courier. Printouts of Source Code Material may only be transported for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 6(q) above and are at all times subject to the transport and labeling restrictions set forth herein. The Source Code Materials may not be scanned into a computer. For purposes of Court filings and proceedings, citations to line numbers and photographic images or embeddings of Source Code Materials may be used consistent with paragraph 15 of the Protective Order.

s. All copies of any material designated "Highly Confidential – Source Code" in whatever form shall be securely destroyed if they are no longer reasonably necessary in these actions (e.g., extra copies at the conclusion of a deposition). Copies of material designated "Highly Confidential – Source Code" that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production number(s). Following conclusion of these actions and expiration of all appeal periods, all copies of Source Code Material designated "Highly Confidential – Source Code," including all printouts, handwritten notes, USB devices, and any

documents derived from or referencing the Source Code Material, shall be securely destroyed within fifteen (15) days. "Securely destroyed" means shredded, burned, or permanently deleted (for electronic media). For the avoidance of doubt, where reasonably possible, Source Code Material will be excluded from any automatic backups. If Source Code Material is inadvertently or reasonably unavoidably included in an automatic backup, this does not require the purging of such copies from automatic backups of devices; however, should such backups be restored or otherwise discovered, the reviewer shall promptly and securely destroy any Source Code Material upon discovery of such material. The Requesting Party shall provide written certification, provided by each expert and outside counsel with access to Source Code Material, stating: (i) that all such materials have been destroyed; (ii) the method of destruction; (iii) the date of destruction; (iv) that no copies remain in any form whatsoever except in automatic backups as stated in this paragraph; and (v) that they shall not use any knowledge gained from review of the Source Code Material in any future work endeavor.

t. Nothing in this Source Code Protocol shall alter or change in any way the requirements of the Protective Order. In the event of any conflict, however, this Source Code Protocol shall control for any Source Code Material made available for inspection.

7. For the avoidance of doubt, nothing in this Source Code Protocol shall preclude the Parties from negotiating specific protocols for review of any specific Source Code Materials or other material designated Confidential or Highly Confidential – Attorneys' Eyes Only. In the event that the Producing Party, notwithstanding its good faith efforts, believes it cannot comply with any

material aspect of this Source Code Protocol or if compliance with such material aspect would be unreasonable, the Producing Party shall inform the Requesting Party in writing at least three (3) days before the date of the inspection, and the Parties shall meet and confer in good faith.

**SO STIPULATED AND AGREED:**

Dated: October 21, 2026

By: /s/ Steven Lieberman
Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker (*admitted pro hac vice*)
Jenny L. Colgate (*admitted pro hac vice*)
Alexandra Hughes (*admitted pro hac vice*)
Kristen J. Logan (*admitted pro hac vice*)
Bryan B. Thompson (6004147)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
ahughes@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com

*Attorneys for Plaintiffs*

**LATHAM & WATKINS LLP**

*/s/ Joseph R. Wetzel*
Joseph R. Wetzel
Andrew Gass (*pro hac vice* pending)
Brett M. Sandford (*pro hac vice* pending)
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: joe.wetzel@lw.com
andrew.gass@lw.com
brett.sandford@lw.com

Sy Damle
Cory D. Struble
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: sy.damle@lw.com
cory.struble@lw.com

*Attorneys for Defendant in*
*Civil Action No. 1:25-cv-10094-LAP*

**KING & SPALDING LLP**

*<u>/s/ Bruce W. Baber</u>*
Bruce W. Baber (*admitted pro hac vice*)
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Telephone: 404-572-4600
bbaber@kslaw.com

Kathleen E. McCarthy
Jackie Fugitt
1290 Avenue of the Americas, 14th Floor
New York, New York 10104
Telephone: 212-556-2100
kmccarthy@kslaw.com
jfugitt@kslaw.com

Neel Chatterjee (*admitted pro hac vice*)
245 Lytton Avenue, Suite 150
Palo Alto, California 94301
Telephone: 650-422-6700
nchatterjee@kslaw.com

*Attorneys for Defendant in*
*Civil Action No. 1:25-cv-10106-LAP*

SO ORDERED.

Date: ________________, 2026

________________________
Loretta A. Preska
Senior United States District Judge