ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell
(1928-2011)
Harry F. Manbeck, Jr.
(1926-2025)

E. Anthony Figg
Steven Lieberman
Joseph A. Hynds
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Jennifer B. Maisel
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters and cases in federal courts.

Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
Bryan B. Thompson
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins
Stephanie E. Waltersdorff
Benjamin H. Fishman
Jotham Koneri
Delon Lier*
Thomas R. Langdon
Kenneth O. Aruda

Of Counsel
Alexandra S. Hughes
Hugham Chan

*Via* ECF

November 10, 2026

Hon. Loretta A. Preska
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: *Chicago Tribune Co., LLC v. Perplexity AI, Inc.*, No. 1:25-cv-10094;
*New York Times Co. v. Perplexity AI, Inc.*, No. 1:25-cv-10106**

Dear Judge Preska:

Plaintiffs write in reply to Perplexity's letter opposing Plaintiffs' request for a conference (*Tribune* Dkt. 77; *Times* Dkt. 93). Perplexity's opposition confirms that both disputes are ripe and warrant the Court's intervention.

**User Activity Log Costs**

Perplexity asserts that "[t]here is no ripe cost dispute." Opp. at 1. Since January 2026, however, Perplexity has conditioned inspection of the UAL data on the parties reaching agreement concerning cost-shifting. Dkt. 32 at 2.[1] Perplexity's assertion that it "is not asking Plaintiffs to pay any <u>hosting</u> costs" for existing snapshots, Opp. at 1 (emphasis added), came only after Plaintiffs sought the Court's intervention.

[1] After Plaintiffs filed the instant motion, Perplexity reneged on its commitment to produce RAG data pending negotiation of a cost-shifting provision in an otherwise agreed-upon Inspection Protocol.

Perplexity nonetheless maintains that Plaintiffs should bear "the costs associated with the proposed software tools, services, and computing resources required for data queries." Ex. D. Yet Perplexity has refused to specify what these costs are. Opp. at 1–2. Perplexity, as the responding party, bears the burden of showing good cause for any cost-shifting. Mot. at 2 (citing *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 283 (S.D.N.Y. 2003)). It cannot carry that burden while withholding the very cost information at issue.

Plaintiffs have been requesting this data since January. They ask that the Court order Perplexity to produce the UAL snapshots immediately and to bear all costs of production, and that the Court enter the attached proposed Inspection Protocol memorializing these terms. Ex. H.

**Training, Post-Training, and Fine-Tuning**

This is a copyright infringement case concerning Perplexity's unlawful acquisition and use of Plaintiffs' content to develop and power its GenAI products. Perplexity admits that the complaints allege it fine-tuned (i.e., trained) models to "optimize for RAG," including to "brows[e] news." Opp. at 3. Because Perplexity does not publicly disclose its training data or practices, it alone can say whether it used Plaintiffs' content for this purpose. Plaintiffs told Perplexity that if it does not train on Plaintiffs' content, it should say so, and this dispute would be moot. Perplexity made no such representation. The only question, then, is whether Perplexity must produce discovery on that training in this case.

Perplexity's remaining arguments also fail.

*First*, *Jose Luis Pelaez, Inc. v. Scholastic Inc.* was decided in 2017 under the current Rule 26, and the court there ordered production of information about the defendant's uses of the images at issue beyond the uses specifically identified in the complaint. 2017 WL 4776993, at *4-5 (S.D.N.Y. Oct. 19, 2017). Moreover, the 2015 amendments to Rule 26 did not alter this Court's position that relevance is "an extremely broad concept." *See, e.g.*, *HDI Glob. Specialty SE v. NBIS Constr. & Transp. Ins. Servs., Inc.*, No. 25-CV-1334 (JMF), 2026 WL 189664, at *1 (S.D.N.Y. Jan. 23, 2026); *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019).

*Second*, a pending motion to dismiss does not automatically stay discovery. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018).

Indeed, the pending motion makes this discovery more important: Perplexity seeks dismissal in part by contending that it has not engaged in volitional conduct. The post-training data includes the instructions Perplexity gave its models on how to use retrieved web content, including news content, to generate outputs. Perplexity itself states that its post-training makes its products better at "rewriting," "summarizing," and "explaining" others' content.[2] Perplexity cannot advance a volitional-conduct argument while withholding the very facts that would rebut it.

*Third*, Perplexity's burden objection is unsupported. Plaintiffs do not ask for "all LLM training data." Opp. at 3. They seek discovery into Perplexity's use of <u>Plaintiffs' content</u> in training, post-training, and fine-tuning. Perplexity has <u>never detailed</u> how much responsive discovery exists, nor has it substantiated its burden objection in any way.

Plaintiffs respectfully request that the Court (1) order Perplexity to bear the costs of inspecting the May 2024–May 2025 and August 2025–January 2026 UAL snapshots, (2) enter the attached Inspection Protocol memorializing that order, and (3) compel discovery into Perplexity's use of Plaintiffs' content to train, post-train, or fine-tune its models.

Respectfully submitted,

<u>*/s/ Steven Lieberman*</u>
Steven Lieberman
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.

*Counsel for Plaintiffs*

cc: All Counsel of Record (via CM/ECF)

---

[2] https://www.perplexity.ai/hub/blog/how-perplexity-builds-accuracy-into-frontier-ai